IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2139-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW D. SHERADIN, | ) | |
| | ) | |
| Respondent. | ) | |

Andrew D. Sheradin ("Sheradin" or "respondent") is confined at the Federal Correctional Institution in Butner, North Carolina, awaiting a hearing on a petition for his commitment that the government filed pursuant to 18 U.S.C. § 4248. On February 8, 2012, Sheradin filed a motion to dismiss the commitment proceedings. Mot. Dismiss [D.E. 70]. In his motion, Sheradin asserts a violation of the Equal Protection Clause of the Fourteenth Amendment as derived from the Due Process Clause of the Fifth Amendment. See Johnson v. Robison, 415 U.S. 361, 364 n.4 (1974). Additionally, Sheradin asserts that the delay in the commitment proceedings violates the Due Process Clause of the Fifth Amendment, that section 4248 is unconstitutionally vague, and that section 4248 proceedings constitute criminal rather than civil proceedings. A commitment hearing is scheduled to begin on February 9, 2012.

Sheradin's equal protection challenge relies on a recently reversed district court ruling which had held that the statutory scheme for commitment of sexually dangerous persons violates the Equal Protection Clause because it uses one's status as a federal prisoner to control whether a person may be subject to civil commitment proceedings. See United States v. Timms, 799 F. Supp. 2d 582, 591–92 (E.D.N.C. 2011), rev'd, 664 F.3d 436 (4th Cir. 2012). Because the Fourth Circuit

specifically rejected this argument, Sheradin's equal protection challenge fails. Timms, 664 F.3d at 447–49.

Next, Sheradin contends that the government violated due process by filing its certification commencing this case shortly before the expiration of Sheradin's criminal prison term, and by not holding a hearing on the merits of commitment for over four years since the date of certification. The government, however, complied with the certification process in the statute. Once the government files the certification, the statute provides an automatic stay of the person's release. See 18 U.S.C. § 4248(a). The certification process is rational and does not violate due process. Likewise, the delay in a hearing on the merits is not grounds for dismissal. See Timms, 664 F.3d at 447–54. Alternatively, even if the delay violated due process, the remedy is a hearing (as opposed to immediate release). See id. at 455 n.19. The hearing in this case will begin on February 9, 2012.

Sheradin also asserts that section 4248 is unconstitutionally vague. The court rejects this argument. See, e.g., United States v. Carta, 592 F.3d 34, 43 (1st Cir. 2010).

Finally, Sheradin asserts that section 4248 proceedings constitute criminal rather than civil proceedings. This argument fails. See Timms, 664 F.3d at 455–56.

Therefore, the court DENIES Sheradin's motion to dismiss [D.E. 70].

SO ORDERED. This 8 day of February 2012.

JAMES C. DEVER III
Chief United States District Judge